UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Crim. No. 05-38-P-H |
| ) | |
| **NEDRA LEVASSEUR,** ) | |
| ) | |
| **Defendant** ) | |

### ORDER

This matter came before me yesterday for a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(a)(1). The defendant appeared with counsel, waived her right to a preliminary hearing and consented to the entry of a finding of probable cause to hold her for a revocation hearing. Accordingly, I **_FIND_** probable cause to hold the defendant for a revocation hearing.

A release hearing was held at the defendant's request for the purpose of determining whether she is eligible for release pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). *Id*. Thus, the defendant is entitled to be released if she establishes, by clear and convincing evidence, that she is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The defendant was sentenced to a term of probation on October 19, 2005 following her conviction in this court for distribution of heroin. She has a lengthy and troublesome history of poly-substance abuse. According to the pre-sentence report, she began using alcohol and marijuana in 1996, powder and crack cocaine in 1998 or 1999 and heroin in 2002. She also experimented with OxyContin, Percocet and a variety of club drugs. She was also enrolled, pre-sentence, in the CAP

Quality Care methadone program. At the time of her sentencing she had been enrolled in substance abuse counseling for approximately two years. In November 2005, one month following her sentencing, she was placed in inpatient substance abuse treatment at Gosnold to assist her in terminating her use of prescription methadone. After completing that program in December 2005 she participated in substance abuse and mental health outpatient treatment.

There is probable cause to believe, based on the allegations contained in the revocation petition, that the defendant continues to have a serious substance abuse problem. Specifically, in July 2006, while on probation, an alcohol breath test yielded a B.A.C. of .12% as a consequence of which she was instructed by her supervising probation officer to attend mental health/substance abuse counseling weekly, attend a minimum of five AA/NA meetings per week, attend "Truthought," a 13-week corrective thinking program administered by the U.S. Probation Office, and complete 40 hours of community service work as ordered by the court in a modification of the terms of her probation. In August 2007 the defendant admitted using marijuana as a result of which she was required to recommence substance abuse counseling and was ordered to serve a community confinement period of five months. She began her community confinement placement at Pharos House on November 1, 2007 on which date she submitted to a drug test that was positive for methadone. The defendant admitted to using both methadone and Suboxone without a prescription prior to her community confinement placement. A November 5, 2007 drug test returned positive results for both marijuana and methadone. As a result of the two positive tests, the first on November 1st and the second on November 5th, the defendant was unsuccessfully discharged from Pharos House. Her unlawful use of controlled substances helps to maintain a market that fosters a continuation of illegal drug supply and use which remain a scourge on the community.

The defendant proposed at the hearing that she be released on conditions that include home detention, electronic monitoring and a prohibition against the possession or use of alcohol or controlled substances and requirements that she reside at her mother's home in Alfred, Maine and maintain or actively seek employment. But the fact is she was living with her mother in Saco at the time she was violating her conditions of probation by using alcohol, methadone, Suboxone and marijuana. The defendant's mother was not present during the hearing and was not proposed as a third-party custodian. In any event, I have no basis on which to determine whether she might be a suitable third-party custodian in a position to provide the kind of supervision required to insure against the defendant's continued use of alcohol and controlled substances. Home detention and electronic monitoring do not by themselves suffice.

The government does not contend that the defendant poses a risk of flight. But on this record, and given the nature of the offending conduct underlying the petition for revocation, I can only conclude that the defendant has failed to establish by clear and convincing evidence that she is not likely to pose a danger to the safety of the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with her counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated this 20th day of November, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge