### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 05-38-P-H |
| ) | |
| NEDRA LEVASSEUR, ) | |
| ) | |
| Defendant ) | |

### **ORDER**

A release hearing was held yesterday at the defendant's request for the purpose of determining whether she is eligible for release pending her revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). *Id*. Thus, the defendant is entitled to be released if she establishes, by clear and convincing evidence, that she is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The defendant was sentenced to a term of probation on October 19, 2005 following her conviction in this court for distribution of heroin. Some two years later, she violated certain conditions of her probation, and, on December 4, 2007, she was sentenced to a term of imprisonment and supervised release. The defendant's supervised release commenced on February 12, 2008. On November 10, 2008, a petition seeking the revocation of her supervised release was filed with this court (Docket No. 70).

The revocation petition describes a pattern of recent, disparate, and disturbing behavior by the defendant. Despite having earlier been warned not to have contact with a certain Jason Stevens, pursuant to standard condition No. 9 of her supervised release prohibiting her from associating with

any person engaged in criminal activity or convicted of a felony, the defendant rented a U-Haul truck for him on August 28, 2008. On September 6, 2008, the defendant was found with Cory Sabatino during a home contact by her probation officer, and the defendant permitted Cory Sabatino to provide false identification to her probation officer in her presence so that Cory Sabatino could hide the fact that he was a felon with active warrants outstanding for his arrest.

On November 9, 2008, the Saco Police Department stopped a car in which the defendant was a passenger. The driver of the car was arrested on suspicion of drunk driving, and the defendant was found to be intoxicated, in violation of special conditions Nos. 3 and 4 of her supervised release. The defendant gave a false name. After she was arrested at the scene for refusing to provide a name and address, she became extremely violent and abusive during processing, including repeatedly spitting, kicking, and hitting law enforcement officers at the police station. This behavior is outlined in the revocation petition and in Government Exhibit 1, the Saco Police Department Arrest Report, which was admitted at the release hearing without objection. The defendant was charged with three counts of assault and refusing to submit to arrest or detention.

The defendant's abuse of alcohol at the time of her arrest on November 9, 2008, is particularly troubling in the light of her lengthy history of poly-substance abuse. At the hearing, the defendant proposed that she be released on conditions that include home detention, electronic monitoring, and a prohibition against the possession or use of alcohol or controlled substances, and requirements that she maintain or actively seek employment and that her mother act as her third-party custodian. The defendant's mother clearly wishes her daughter released into her custody, and I am persuaded that she would do her best to monitor her. But, there will be substantial periods of time when the defendant will be at work, or commuting to and from work, where she will not be

under her mother's watch.  Given the recency and severity of the defendant's alleged violations of her supervised release, I am not persuaded that the defendant's mother, however well-intentioned, can effectively supervise the defendant, nor that home detention and electronic monitoring can suffice.

The government does not contend that the defendant poses a risk of flight.  It did argue, however, for the first time at closing argument that the defendant is statutorily ineligible for release pursuant to 18 U.S.C. § 3143(a)(2).  I do not need to reach that legal question because, even assuming that the defendant qualifies for release under 18 U.S.C. § 3143(a)(1), on this record, and given the nature of the offending conduct underlying the petition for revocation, I can only conclude that the defendant has failed to establish by clear and convincing evidence that she is not likely to pose a danger to the safety of the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with her counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated this 19th day of November, 2008.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

3